Janet KERN, Respondent,

v.

AUTO OWNERS INSURANCE COMPANY, Appellant,

and

Janet KERN, Respondent,

v.

STATE FARM INSURANCE COMPANY, Defendant.

No. C7–94–1642.

Court of Appeals of Minnesota.

Jan. 31, 1995.

■

Carl Baer, Bemidji, for Janet Kern.

James B. Wallace, Park Rapids, for Auto Owner Ins. Co.

Neal A. Lano, Grand Rapids, for State Farm Ins. Co.

Considered and decided by CRIPPEN, P.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

RANDALL, Judge.

Janet Kern was injured when building materials blew out of the back of Truman Beaulieu's pickup truck. Kern sought no-fault benefits from her insurer, Auto Owners Insurance Co. (Auto Owners), and Beaulieu's insurer. Kern sued both insurers after they denied coverage. All parties moved for summary judgment. After a hearing, the trial court granted summary judgment for Kern against Auto Owners and denied the other motions. Auto Owners appeals from entry of summary judgment against it. We affirm.

## FACTS

Kern parked her pickup truck in the parking lot of a grocery store. She and a friend shopped in the grocery store and then started walking back toward her vehicle. On the way they stopped briefly while Kern spoke to another friend. They resumed walking toward Kern's pickup and when they were approximately 15 feet from it, Kern was struck by some insulated siding that blew out of Beaulieu's nearby pickup. Beaulieu's pickup truck was parked and Beaulieu was shopping in the grocery store. He had just purchased the siding at a nearby hardware store, had laid it in the back of his truck without tying it down, and drove on a frontage road to the grocery store parking lot.

Kern sought no-fault benefits from her insurer, Auto Owners, and Beaulieu's insurer. Both insurers denied coverage and Kern sued them. All parties moved for summary judgment, and the trial court granted Kern's motion against Auto Owners and denied the other motions. Auto Owners appeals, arguing Kern's injury did not result from the use of a motor vehicle.

## ISSUES

Did the trial court err in concluding Kern's injuries resulted from the use of a motor vehicle?

## ANALYSIS

■ The trial court granted summary judgment for Kern against Auto Owners, concluding that her injuries arose out of the use of a motor vehicle. In an appeal from summary judgment, this court determines whether material fact disputes exist for trial and whether the trial court correctly applied the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Whether an injury arose out of the use of a motor vehicle is a question of law. *North River Ins. v. Dairyland Ins.*, 346 N.W.2d 109, 113 n. 2 (Minn.1984). This court need not defer to the district court's conclusions on matters of law. *State Farm Fire & Casualty v. Strope*, 481 N.W.2d 853, 855 (Minn.App.1992), *pet. for rev. denied* (Minn. May 15, 1992).

To recover under the no-fault act, the injury must arise out of the "maintenance or use of a motor vehicle." Minn.Stat. § 65B.44, subd. 1 (1992). "Maintenance or use of a motor vehicle" is defined as

maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, and alighting from it.

Minn.Stat. § 65B.43, subd. 3 (1992).

■ The supreme court has set out a three-part test to determine if an injury arose out of the maintenance or use of a motor vehicle. First, the court must determine the extent of causation between the motor vehicle and the injury. Second, the court must determine whether an act of independent significance broke the causal connec-

tion. Finally, the court must determine what type of use of the motor vehicle was involved. *Continental Western Ins. v. Klug,* 415 N.W.2d 876, 878 (Minn.1987). If the vehicle was being used for transportation purposes, no-fault coverage applies; if not, there is no coverage. *Id.* If the vehicle was not being used for transportation purposes, the fact that an injury occurred in, on, or around a motor vehicle would not be dispositive. *Waldbillig v. State Farm Mut. Auto. Ins.,* 321 N.W.2d 49, 51 (Minn.1982).

### Active Accessory

■ Under the first prong of the *Klug* test, the motor vehicle must be an active accessory to the injury. *North River,* 346 N.W.2d at 114. The causal connection

> is established if *"the injury is a natural* and reasonable incident or *consequence of the use of the vehicle."* The vehicle itself must be an active accessory to the injury sustained.

*Id.* (emphasis added) (quoting *Tlougan v. Auto–Owners Ins.,* 310 N.W.2d 116, 117 (Minn.1981)).

Kern cites a recent case from this court concluding there was "use of a motor vehicle" where a person was injured when he opened the topper door of a truck and the door caused a strap to disconnect, striking him on the eye. *Kemmerer v. State Farm Ins.,* 513 N.W.2d 838, 840 (Minn.App.1994), *pet. for rev. denied* (Minn. June 2, 1994). In *Kemmerer,* this court determined that the truck was an active accessory to the injury because pressure from the topper door caused the rope to snap. *Id.* at 843.

As in *Kemmerer,* Beaulieu's pickup was an active accessory in causing Kern's injury. Beaulieu purchased the building materials and placed them in the back of his pickup to transport them. Beaulieu's pickup was designed specifically to accommodate and transport materials such as the building materials involved. Put another way, the accident happened, not in a unique or bizarre way, but in a way utilizing the specific design and usage of a pickup truck. Beaulieu did not secure the materials sufficiently and the materials blew out the back of the truck. When a person transports materials in an open pickup truck without securing them properly, it follows naturally that materials may be blown off the bed and out the back. If the materials strike someone, the injury is a "natural and reasonable incident or consequence of the use of the vehicle." *North River,* 346 N.W.2d at 114.

There is support in the supreme court's decision of *Waseca Mut. Ins. v. Noska,* 331 N.W.2d 917 (Minn.1983). In *Noska,* the insured drove his pickup truck with uncovered barrels with burned brush. *Id.* at 919. The sparks in the barrels were stirred up by the wind and caused fires on the side of the road. *Id.* Although in *Noska,* the truck was moving and not parked, that factual distinction is not dispositive. *See Strand v. Illinois Farmers Ins.,* 429 N.W.2d 266, 270 (Minn.App. 1988) (stating that the fact that a motor vehicle is parked "does not change its character as a vehicle used for transportation.").

Auto Owners points out that here Beaulieu's pickup was parked and argues this is an essential difference. We disagree. A simple and logical analysis shows that cessation of movement alone cannot be dispositive. If Noska's truck, while carrying its burning barrel, had come to a stop sign and stopped momentarily or even a few minutes for a lengthy red light, there could be no possible reason why the result in *Noska* would have been any different. The decision also cannot depend on the amount of wind, if any. In *Noska* sparks could have escaped without an active wind. Common sense tells us the *Noska* decision was based on the reality that the *Noska* truck was doing one of the specific things the truck was designed for: transporting materials or physical goods. We have the exact analogy here. If Beaulieu had been driving his pickup, came to a stop sign or a red light and stopped momentarily and then the materials escaped, there would be coverage. Those facts would be identical to the essential facts in *Noska.* What difference can it make that Beaulieu's stop, was, like stopping for a red light, a temporary stop during the active transportation.

In *Strand,* the insured was injured when gasoline leaking from his car ignited. *Id.* at 268. This court stated that gasoline, "is nec-

essary to the use and maintenance of an automobile." *Id.* at 270. The situation here is similar to *Strand.* There, leaking gasoline ignited injuring the insured. Here, loose building materials blew out the back of Beaulieu's truck injuring Kern. There is a close and natural causal connection between Kern's injury and Beaulieu's use of his pickup truck to transport building materials.

### Act of Independent Significance

Auto Owners next argues that Kern's shopping at the grocery store and the wind blowing the loose materials out of Beaulieu's truck were acts of independent significance. We find this argument unpersuasive for the same reasons discussed under the active accessory analysis. Had the truck been moving, as in *Noska,* there would be no issue regarding no-fault coverage. Certainly the presence of wind in these facts cannot count against coverage as the presence of wind brings these facts even closer to *Noska.* We see no reason to distinguish this case from *Noska* because Beaulieu's truck was stopped, and there is obviously no reason to distinguish this case from *Noska* because wind was present. *See Strand,* 429 N.W.2d at 270.

### Transportation Purposes

Auto Owners argues that Kern and Beaulieu were not using their respective pickups for "transportation purposes." In response, Kern again cites to *Kemmerer* where this court found that Kemmerer was using the pickup for transportation purposes.

In *Kemmerer,* the insurer argued that the truck was only being used for storage and not for transportation. This court held, however, that the nature of the use was for transportation. *Kemmerer,* 513 N.W.2d at 843. Kemmerer and his friends had driven to a site, unloaded recreational equipment, re-loaded the recreational equipment, and were planning to drive to another site to camp when Kemmerer was injured. *Id.*

As in *Kemmerer,* the nature of Beaulieu's use of his truck was specific to transportation. Pickups are designed, bought, and used to carry things in the back as well as passengers in the front. The transportation of items in the bed of a pickup is integral to the nature of a pickup. No-fault benefits

should be limited to "activities whose costs should be allocated to motoring as part of an automobile package." *Marklund v. Farm Bureau Mut. Ins.,* 400 N.W.2d 337, 339 (Minn.1987) (quoting Commissioner's Comments, Unif.Motor Veh.Acc.Reparations Act § 1, 14 U.L.A. 55–56 (1980)). Here, Beaulieu's transporting building materials in his pickup truck, being integral to the nature of its use, is an activity whose cost can be allocated to motoring as part of an automobile package.

Beaulieu was using his truck to transport the building materials he had just bought. He was not merely using his truck for storage. A situation that could be purely storage, not use, might be where a driver leaves building materials in the back of a pickup for several days because he does not have room in his house or garage to unload. If Beaulieu had bought materials, drove home, parked the truck without unloading for a week or two, used a second car for driving to work, and while parked, the wind carried a sheet of siding out of the back and injured a passerby, you might have a different argument by the insurance company. On those facts it could be said the driver had left the materials in the truck solely for storage, and there was no intent to transport, as the transportation had ended days ago. But those are not our facts.

It is plain that Beaulieu was transporting building materials to their destination in a vehicle specifically designed to transport objects. While transporting, and before concluding transporting, Beaulieu made a temporary stop. At the time of the accident the truck was being used for transportation purposes, not for storage.

### DECISION

The trial court correctly concluded that Kern's injury arouse out of the use of a motor vehicle when she was struck by building materials blown out of the back of a pickup truck.

**Affirmed.**